IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL W. PAULSON,** : | |
| Plaintiff, : | |
| : | **CIVIL ACTION** |
| v. : | |
| : | **NO. 20-2653** |
| **KEVIN F. KELLY,** *et al.* : | |
| Defendants. : | |

**ORDER**

AND NOW, this  19th  day of June, 2020, upon consideration of Michael W. Paulson's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 3), and *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Michael W. Paulson, #19004219, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of the George W. Hill Correctional Facility or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Paulson's inmate account; or (b) the average monthly balance in Paulson's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Paulson's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Paulson's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this Order to the Warden of the George W. Hill Correctional Facility.

4. The Complaint is **DEEMED** filed.

5. Paulson's Complaint is **DISMISSED** for failure to state a claim for the reasons discussed in the Court's Memorandum.  Paulson's claims against Kevin F. Kelly, Christopher J. Dirosato, David M. Iannucci, and all Defendants in their official capacities are **DISMISSED WITH PREJUDICE**.  Paulson's claims against Jeffrey J. Roney in his individual capacity challenging the search of his phone and the revocation of his probation and related imprisonment are **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  The dismissal is without prejudice to Paulson filing a new case only in the event his underlying parole revocation is reversed, vacated, or otherwise invalidated.  This dismissal also does not prevent Paulson from proceeding on a petition for a writ of *habeas corpus*.

6. The Clerk of Court shall **CLOSE** this case.

                                                **BY THE COURT:**

                                         **/s/ John Milton Younge**
                                         **JOHN MILTON YOUNGE, J.**